## SOLOMON WAIXEL, BY NEXT FRIEND,
### v.
## CARTER H. HARRISON.

*Personal Injuries—Negligence—Fire-works—Pleading—Evidence.*

One who does not procure fire-works, nor either by himself or servants explode them, is not liable for personal injuries caused by them to a person who complains only of their quality and the manner in which they were handled.

[Opinion filed November 11, 1890.]

In ERROR to the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. BYAM, PARKHURST & WEINSCHENCK, for plaintiff in error.

Messrs. A. S. TRUDE and W. A. FOSTER, for defendant in error.

GARY, J. This record shows that on the evening of the 5th day of July, 1886 (the 4th having fallen on Sunday), on the grounds of the defendant here and below, at his residence on Ashland avenue, in the city of Chicago, by his permission and by his direction to the extent that he designated the part of the grounds that might be used, there was an exhibition, of which he was a spectator, of pyrotechnics, by some young gentlemen, among whom was his son. A Roman candle in the hands of his son, after it was supposed to have been exhausted, shot out another ball, which struck the plaintiff here and below, and injured his eye. The cause of the candle being so held that the ball went in the direction it did, was the mistake in supposing that the candle had no more balls in it. On this record the general question whether one is liable for an injury caused by fire-works shot out from his grounds, by his authority, over the streets of a populous city, does not arise.

The declaration contains five counts, each of which alleges "that in pursuance of a custom existing among the patriotic citizens of these United States, the defendant made great

preparations to properly and in fitting manner celebrate the anniversary of the Nation's independence." In each of the first four counts the plaintiff says he was, in accordance with an invitation by the defendant to the public to witness the display to be produced by fire-works, present on the sidewalk in front of the residence of the defendant, and witnessed a part of the display.

The fifth count omits the invitation, and says the plaintiff was lawfully in the public highway in front of the residence of the defendant, and while standing there was struck. Each of the counts puts the liability of the defendant upon the ground, not that the fire-works were in themselves dangerous, but of negligence by the defendant as to the quality of them, or in the selection of persons to handle them, or in the manner in which they were in fact handled.

At the request of the plaintiff the jury were required to answer, among others, these questions:

"1st. Did the defendant receive and take into his possession the fire-works that were exploded on his premises on the evening of July 5th, 1886.

"2d. Was the display of fire-works mentioned in the first question under the control of the defendant?

"6th. Did the person who exploded the Roman candle which injured the plaintiff, Solomon Waixal, exercise great care and caution in exploding it?"

To the first question the jury said "he did not," to the second "no," and to the sixth "yes." Without reciting the evidence, it is enough to say that the answers of the jury are to be taken as correct.

There is some evidence that the defendant invited persons already in proximity to his grounds, to seats within, but none that he invited anybody to come. There is undisputed evidence that he knew there were fire-works upon his premises during the day of the 5th, sent by some one still unknown at the time of the trial; that he knew that some young men (his son among them) intended to use them; that he prevented the selection of one place on his grounds, and pointed out another, from which the display might or should be made; that while the display was in progress he was present and active

among the company assembled.    But beyond this there is no conclusive evidence, nor what can be fairly claimed to be a preponderance of evidence, that the connection of the defendant with the display went.

In effect the jury have found that the defendant did not procure the fire-works, nor, either by himself or servants, explode them.    He is not, therefore, liable for an injury caused by them to one who complains only of their quality and the manner in which they were handled. .

The judgment in favor of the defendant on the verdict of the jury in his favor, is affirmed.

*Judgment affirmed.*